|  |  |
|---|---|
| 1 | |
| 2 | |
| ... | |

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sarob Sim, ) | No. CV 07-1581-PHX-SRB (ECV) |
| Petitioner, ) | **REPORT AND RECOMMENDATION** |
| vs. ) | |
| Alberto Gonzales, ) | |
| Respondent. ) | |

TO THE HONORABLE SUSAN R. BOLTON, UNITED STATES DISTRICT JUDGE:

    On August 14, 2007, Petitioner Sarob Sim filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 alleging that immigration officials were holding him in detention pending his removal from the United States to Cambodia, but that his removal cannot be effected.  Doc. #1.  Petitioner seeks an immediate release from custody on the ground that his indefinite detention is not authorized by law because there is no prospect that he will be removed in the reasonably foreseeable future.  See Zadvydas v. Davis, 533 U.S. 678 (2001) (when there is no reasonable likelihood that a foreign government will accept an alien's return in the reasonably foreseeable future, the INS may not detain the alien for more than the presumptively reasonable period of six months).  In an order filed on October 16, 2007, the Honorable Susan R. Bolton reviewed the petition and directed Respondent to file an answer.  Doc. #3.

1     On November 7, 2007, in lieu of an answer, Respondent filed a "Notice of Release
2 and Suggestion of Mootness" in which he contends that Petitioner received a Release
3 Notification indicating he would be released under an Order of Supervision.  Respondent
4 further states that he would file the Order of Supervision upon receiving it.  The Order of
5 Supervision has not been filed, but Petitioner has not filed anything to suggest he was not
6 released.  Based on the Release Notification, the court will assume the release was executed.
7 Because Respondent's evidence demonstrates that Petitioner has obtained the relief he seeks
8 in his petition, this action is moot.  The court will therefore recommend that the Petition for
9 Writ of Habeas Corpus be dismissed.

10 **IT IS THEREFORE RECOMMENDED:**

11     That Petitioner's Petition for Writ of Habeas Corpus (Doc. #1) be **DISMISSED**
12 without prejudice.

13     This recommendation is not an order that is immediately appealable to the Ninth
14 Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of
15 Appellate Procedure, should not be filed until entry of the district court's judgment.  The
16 parties shall have ten days from the date of service of a copy of this recommendation within
17 which to file specific written objections with the Court.  See, 28 U.S.C. § 636(b)(1); Fed. R.
18 Civ. P. 6(a), 6(b) and 72.  Thereafter, the parties have ten days within which to file a
19 response to the objections.  Failure to timely file objections to the Magistrate Judge's Report
20 and Recommendation may result in the acceptance of the Report and Recommendation by
21 the district court without further review.  See United States v. Reyna-Tapia, 328 F.3d 1114,
22 1121 (9th Cir. 2003).  Failure to timely file objections to any factual determinations of the
23 ///
24 ///
25 ///
26 ///
27
28

1  Magistrate Judge will be considered a waiver of a party's right to appellate review of the
2  findings of fact in an order of judgement entered pursuant to the Magistrate Judge's
3  recommendation.  <u>See</u> Fed. R. Civ. P. 72.
4      DATED this 18th day of March, 2008.

*[signature]*
Edward C. Voss
United States Magistrate Judge